IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEROY MCCOY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-789-RGA |
| JOHNSON & JOHNSON, et al., | : |
| Defendants. | : |

Leroy McCoy, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 20, 2018
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Leroy McCoy, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff also requests counsel. (D.I. 5).

## BACKGROUND

Plaintiff alleges from September 30, 2010 through July 17, 2012, when he was housed at Howard R. Young Correctional Institution in Wilmington, Delaware, and the JTVCC, he was prescribed Risperdal. Plaintiff alleges that he began to grow breasts as a result of the medication and suffered emotionally. He seeks $2.6 million for pain and suffering.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff alleges that he was prescribed Risperdal from September 30, 2010 through July 17, 2012. Plaintiff alleges that because he took the medication, he "started to grow breasts." (D.I. 1 at 5). Federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See, e.g., U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388–89 (3d Cir. 2002). Plaintiff filed this matter using a civil rights complaint form pursuant to 42 U.S.C. § 1983. Liberally construing the complaint as the Court must, it alleges negligence, breach of warranty, breach of express warranty, and fraud by concealment. As presented, the complaint reveals no basis for federal question jurisdiction. *See* 28 U.S.C. § 1331. While the complaint invokes 42 U.S.C. § 1983, the allegations do not speak to constitutional violations. Rather, they speak to state tort claims and suggest Plaintiff may have claims under state law.

3

Nor does jurisdiction vest by reason of diversity of citizenship. Under § 1332, district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). To the extent Plaintiff attempts to raise state law claims, the Court lacks jurisdiction given that complete diversity is not apparent from the pleadings. *See Mierzwa v. Safe & Secure Self Storage, LLC*, 493 F. App'x. 273, 276 (3d Cir. 2012). As alleged, there is no diversity of citizenship because Plaintiff has named as a defendant Correct Care Solutions, LLC, for which Plaintiff gives a Delaware address. (D.I. 1 at 4). Plaintiff appears to be a citizen of Delaware.

The Court is mindful that Plaintiff appears *pro se* and, therefore, his Complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). Regardless, the Court discerns no basis for asserting jurisdiction over this action. The Complaint contains no federal question and there are no allegations of diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. Thus, the Court appears to have no jurisdiction over the matter.

In the alternative, dismissal is appropriate because the claims are time-barred. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. §1915 is permissible." *Davis v.*

4

*Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Here, Plaintiff alleges he took Risperdal from 2010 until 2012. Plaintiff filed this lawsuit in 2018. Based upon the allegations on the face of the Complaint, the: (1) negligence claims are barred by the two-year statute of limitations, 10 Del. C. § 8110; (2) breach of warranty claims are barred by the four-year statute of limitations, 6 Del. C. § 2-275; and (3) the breach of express warranty and fraud claims are barred by the three-year statute of limitations, 10 Del. C. § 8106. Because Plaintiff's complaint, as alleged, is time-barred, the Court will dismiss the claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

For the above reasons, the Court will: (1) dismiss as moot Plaintiff's request for counsel (D.I. 5); and (2) dismiss the Complaint for want of jurisdiction and, in the alternative, as legally frivolous pursuant to U.S.C. § 1915(e)(2)(B)(i). While allowing amendment appears to be futile, there is no harm in permitting an attempt, should Plaintiff choose to do so.

An appropriate order will be entered.