IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LEROY MCCOY, :
    Plaintiff, :
v. : Civ. No. 18-789-RGA
JOHNSON & JOHNSON, et al., :
    Defendants. :

Leroy McCoy, James T. Vaughn Correctional Center, Smyrna, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 28, 2018
Wilmington, Delaware

/ ANDREWS, U.S. District Judge:

Plaintiff Leroy McCoy, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court reviewed and screened the original complaint pursuant to 28 U.S.C. § 1915(e)(2) and gave Plaintiff leave to amend. (D.I. 8, 9). Plaintiff filed an amended complaint on October 8, 2018. (D.I. 10). The Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

The original complaint named as Defendants Johnson & Johnson Company and Janssen Pharmaceuticals. It was dismissed for want of jurisdiction and, in the alternative, as legally frivolous. Upon amendment Plaintiff added Defendants Correct Care Solutions LLC, Commissioner Robert Coupe, Perry Phelps, Warden Phil Morgan, and James Welch. (D.I. 10 at 2-3). Plaintiff now raises claims under 42 U.S.C. §§ 1983, 1985, and 1986. (*Id.* at 2).

He alleges that from 2010 through 2012, while housed at Howard R. Young Correctional Institution in Wilmington, Delaware, he was prescribed Risperdal by personnel working for Correct Care. (*Id.* at 4). The Court takes judicial notice that the general healthcare contract for Correct Care to provide medical care to the Delaware Department of Correction expired on June 30, 2014. *See* http://doc.delaware.gov/

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

news/pdfs/14press0625.pdf (Sept. 10, 2016). Plaintiff alleges that he was prescribed the medication without notification of its potential side-effects. (D.I. 10 at 4). Plaintiff alleges that the medication is manufactured by Janssen Pharmaceuticals, distributed by Johnson & Johnson, and issued by Correct Care. (*Id.*). Plaintiff alleges Defendants (presumably Janssen, Johnson & Johnson, and Correct Care) knew or reasonably should have known of the risks and side effects of the medication. (*Id.*).

Plaintiff alleges that, after an extended period of taking Risperdal, his mental health deteriorated and he began to experience breast pain. (*Id.* at 5). He complained repeatedly to "Mental Health," was told that the condition was not permanent, and it had nothing to do with the medication. (*Id.* at 5-6). He alleges that by 2016 he realized that despite medical assurances to the contrary, the breasts he had grown due to Risperdal were not going away and that by late 2016 or 2017 the condition was permanent. (*Id.*). Plaintiff alleges that because he is incarcerated, his condition subjects him to increased danger of ridicule and sexual attack. (*Id.*).

Plaintiff also alleges that State Defendants Coupe, Welch, and Phelps negotiated, approved and/or contracted with Correct Care and, with Defendant Morgan, failed to properly monitor and supervise the treatment Correct Care provided. (*Id.* at 4, 6-7).

Plaintiff alleges that all Defendants were deliberately indifferent and subjected him to cruel and unusual punishment in violation of the Eighth Amendment. (D.I. 10 at Counts 1-7). He seeks $2.6 million for pain and suffering.

**SCREENING OF COMPLAINT**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the Court must grant Plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

3

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Court dismissed the original complaint after determining it contained no basis for a federal question as it claims rested upon State law. Upon amendment, Plaintiff invokes federal statutes 42 U.S.C. §§ 1983, 1985, and 1986, and parrots the standards for federal claims in an attempt to vest this court with jurisdiction. The claims, however, do not rise to the level of constitutional violations. Rather, they speak to state

4

tort claims and, at least as to Janssen and Johnson & Johnson, suggest Plaintiff may have claims under state law.

As to the § 1983 claims, the claims against Janssen and Johnson & Johnson fail as a matter of law as there are no allegations they are state actors or that they acted under color of law. See West v. Atkins, 487 U.S. at 48. The claims against Correct Care, at most, speak to negligence. However, the Supreme Court has held that prison authorities' mere negligence in and of itself does not violate prisoners' constitutional rights. See Daniels v. Williams, 474 U.S. 327, 330-30 (1986).

The § 1983 claims against the State Defendants Coupe, Phelps, Morgan, and Welch fail as they are conclusory. While the Amended Complaint uses the labels "cruel and unusual punishment," "deliberate indifference," and "violation of the Eighth Amendment," the facts, like those again Correct Care, at most, speak to negligence.[2]

With regard to the 42 U.S.C. § 1985 claims, this statute is used when alleging a conspiracy. The Supreme Court has interpreted § 1985(3) and the second clause of 1985(2) similarly, finding that each contains language "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." Kush v. Rutledge, 460 U.S. 719, 725 (1983). It is a well settled constitutional interpretation that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based,

---

[2] Risperdal was approved by the FDA. It is not plausible to allege that prison administrators are inflicting cruel and unusual punishment when the prison contracts to use FDA-approved drugs.

5

invidiously discriminatory animus behind the conspirators' action." *Id.* at 726 (emphasis omitted).

The Amended Complaint fails to state a cause of action for conspiracy under § 1985. The words "conspiracy" and "agreement" are not mentioned and there are no facts from which one could infer an agreement or understanding among Defendants to violate Plaintiff's constitutional rights, or to discriminate against him under § 1985.

Finally, with regard to the § 1986 claims, a cognizable 42 U.S.C. § 1985 claim is a prerequisite to stating a claim under § 1986. *Robison v. Canterbury Vill., Inc.*, 848 F.2d 424, 431 n.10 (3d Cir.1988); *Brawer v. Horowitz*, 535 F.2d 830, 841 (3d Cir. 1976). Because Plaintiff has not properly pled a § 1985 violation under any viable legal theory, his § 1986 claim will be dismissed.

Despite being given an opportunity to cure his pleading defects, the Amended Complaint fails to state cognizable claims and is legally frivolous. As a result, the Court finds that granting Plaintiff another an opportunity to amend would be futile. *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002), and *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

## CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint as legally frivolous pursuant to U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment is futile.

An appropriate order will be entered.